UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| WILLIAM B. HUTCHEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 1:08-CV-27 CAS |
| v. ) | |
| ) | |
| WAL-MART STORES EAST I, LP ) | |
| and DEBBIE JUDEN, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This removed matter is before the Court on plaintiff William B. Hutchen's motion to remand the case to state court. Defendants Wal-Mart Stores East I, LP and Debbie Juden (collectively referred to as "defendants") oppose the motion and plaintiff has filed a reply. Plaintiff asserts that this Court lacks diversity jurisdiction because he has asserted a colorable claim against defendant Juden, a Missouri resident. Defendants assert that Juden was fraudulently joined in this action and therefore her citizenship should be disregarded, with the result that complete diversity of citizenship exists. For the following reasons, the Court will grant plaintiff's motion to remand.

**Background**.

Plaintiff filed this action in the Circuit Court of Stoddard County, Missouri, asserting that he sustained personal injuries from E. coli poisoning and HUS[1] in September 2006 after he purchased and consumed fresh spinach from the WalMart store in Dexter, Missouri. The petition contains only

---

[1]"HUS" is an abbreviation for hemolytic uremic syndrome, "an uncommon but serious condition that can cause life-threatening kidney failure, especially for children and older adults." MayoClinic.com, Hemolytic Uremic Syndrome (HUS), http://mayoclinic.com/health/hemolytic-uremic-syndrome/DS00876 (last visited Apr. 10, 2008).

one count, but appears to assert claims of products liability, breach of warranty and negligence against the defendants. The defendants are Wal-Mart Stores East I, LP ("Wal-Mart") and Debbie Juden, manager of the Dexter Wal-Mart store.

On February 27, 2008, defendants removed the action to this Court pursuant to 28 U.S.C. § 1441, asserting diversity jurisdiction under 28 U.S.C. § 1332. The following facts gleaned from the petition and the Notice of Removal are relevant to diversity jurisdiction. Plaintiff and defendant Juden are citizens of Missouri. Wal-Mart is a foreign limited partnership comprised of the following two partners: WSE Management, LLC, general partner, and WSE Investment, LLC, limited partner. WSE Management, LLC and WSE Investment, LLC are foreign limited liability companies. The sole member of WSE Management, LLC and WSE Investment, LLC at all relevant times was Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas. Wal-Mart is therefore a citizen of Arkansas.

**Discussion**.

This Court must "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). The party invoking jurisdiction bears the burden of proof that all prerequisites to jurisdiction are satisfied. Hatridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand. Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007) (quoting Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997), cert. denied, 522 U.S. 1075 (1998)).

A civil action brought in a state court may be removed to the proper district court where the district courts have original jurisdiction of the action. 28 U.S.C. § 1441(a). Federal district courts

have original jurisdiction in all civil actions between citizens of different states if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). Such an action is removable "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). In this case, plaintiff asserts that this action is not removable because Juden is a citizen of Missouri. Defendants counter that Juden's joinder is fraudulent and therefore her citizenship is not a bar to removal.

Removal will not be defeated by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). "[I]t is well established that if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, the joinder is fraudulent and federal jurisdiction of the case should be retained." Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 n.6 (8th Cir. 1977.) "However, if there is a 'colorable' cause of action--that is, if the state law *might* impose liability on the resident defendant under the facts alleged-then there is no fraudulent joinder." Filla v. Norfolk Southern Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003). Filla, 336 F.3d at 810.[2] "[I]f the nondiverse plaintiff is a real party in interest, the fact that his joinder was motivated by a desire to defeat federal jurisdiction is not material." Iowa Public Service Co., 556 F.2d at 404 (citations omitted).

"[A] proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." Menz v. New Holland North America, Inc., 440 F.3d 1002, 1004 (8th

---

[2]The term "colorable" is used to describe a cause of action that is reasonable but speculative. Filla, 336 F.3d at 810, n.10.

3

Cir. 2006) (quoting Filla, 336 F.3d at 810; internal quotation marks omitted). Thus, "the district court's task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Filla, 336 F.3d at 811.[3] "In making such a prediction, the district court should resolve all facts and ambiguities in the current controlling substantive law in the plaintiff's favor." Id. In deciding whether joinder is fraudulent, the court may not step from the threshold jurisdictional issue into a decision on the merits. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 122 (3rd Cir. 1990) (reversing district court's order denying

---

[3]Defendants argue that the Eighth Circuit's discussion of fraudulent joinder in Filla v. Norfolk Southern Railway Co., 336 F.3d 806 (8th Cir. 2003), is dicta of no precedential value, citing Simpson v. Thomure, 484 F.3d 1081, 1084 (8th Cir. 2007). Filla's discussion of fraudulent joinder is dicta because the Court lacked appellate jurisdiction to address the grant of a remand motion. Simpson, 484 F.3d at 1084, n.2. In Simpson, the Eight Circuit's primary concern with Filla appeared to be that the Court did not believe the general principle of resolving "all facts and ambiguities in the current controlling substantive law in the plaintiff's favor" was a "sound principle for deciding fraudulent joinder issues that turn on the non-diverse defendant's alleged immunity from suit"--as was the case in Simpson. Id.

Filla was an attempt by the Eighth Circuit to articulate the appropriate standard for determining fraudulent joinder, because prior opinions stated the standard "in varying ways" and district court decisions were inconsistent. 336 F.3d at 809-10. While the discussion of fraudulent joinder in Filla is dicta, it is nonetheless considered dicta that this Court may look to for guidance. Further, the Filla standard has been cited with approval and applied by the Eighth Circuit in other fraudulent joinder cases. See, e.g., Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007); Menz v. New Holland North America, Inc., 440 F.3d 1002, 1004 (8th Cir. 2006). The Eighth Circuit's discussions of the fraudulent joinder standard in Wilkinson and Menz are not dicta.

Defendants' position is that Filla improperly states a too-liberal standard for determining if joinder is fraudulent--i.e., that a party is not fraudulently joined if state law might impose liability on the resident defendant. Defendants fail to recognize that Filla says "a proper review should give paramount consideration to the reasonableness of the basis underlying the state claim." 336 F.3d at 810 (emphasis added). "[I]f it is *clear* under governing state law that the complaint does not state a cause of action against the non-diverse defendant," then joinder is fraudulent. Id. If, however, "there is a reasonable basis in fact and law supporting the claim, the joinder is not fraudulent." Id. Thus, the reasonableness standard articulated in Filla and reiterated in Menz and Wilkinson is appropriate to apply here.

4

remand), cert. denied, 498 U.S. 1085 (1991); see Filla, 336 F.3d at 811 ("Like the district court, we have no power to decide the merits of a case over which we have no jurisdiction.").

The issue in this case is whether there is a reasonable basis in state law to support a claim against defendant Juden under the facts alleged. See Menz, 440 F.3d at 1004. If it is clear under Missouri law that the complaint does not state a cause of action against Juden, then her joinder is fraudulent and federal jurisdiction of the case should be retained. See Iowa Public Service, 556 F.2d at 406. On the other hand, if there is "arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved," Filla, 336 F.3d at 811, then joinder is not fraudulent and diversity jurisdiction does not exist.

In the petition, plaintiff alleges that Juden was an agent and employee of defendant Wal-Mart and was acting within the scope and course of her employment. Petition, ¶ 4. Plaintiff alleges that the spinach he purchased from defendants was infected with E. coli bacteria, was unfit for human consumption, was in a defective condition and unreasonably dangerous, and was unmarketable and unfit for the purpose for which it was intended. Id., ¶¶ 10-11. Plaintiff alleges that the defendants were negligent in the following ways:

> a. Defendants failed to have in place proper and appropriate processing procedure for the detection of contaminated food, and in particular contaminated Spinach though they knew or should have known of the risk of such contamination;
>
> b. Defendants continued to market contaminated Spinach though they knew or should have known of the contamination of the product in other states and stores;
>
> c. Defendants continued to market contaminated Spinach though they knew or should have known of a recall of the product in other states and stores;
>
> d. Defendants failed to remove contaminated Spinach from the shelves in a timely fashion or warn of possible contamination;

e. Defendants sold contaminated Spinach to the Plaintiff.

Petition at 3, ¶ 12(a)-(e).

The Court concludes that Missouri law might reasonably impose liability on Juden based upon the facts involved. Under Missouri law, employees may be held personally liable to a third party in certain instances. "First, when an employee has or assumes full and complete control of his employer's premises, his liability to the public or to invitees is the same as that of his employer." State ex rel. Kyger v. Koehr, 831 S.W.2d 953, 956 (Mo. App. E.D. 1992) (citation omitted)). "A second situation involves liability on the part of the employee who does not have complete control of the premises but may be liable for injury to third persons when he breaches some duty which he owes to such third person." Id. (citation omitted). In the second situation, "The test is whether [the employee] has breached his legal duty or been negligent with respect to something over which he did have control." Id. (citation omitted).

It is well established under Missouri law that a "seller of a product who neither knows nor has reason to know the product is dangerous is not liable in a negligence action for harm caused by the product's dangerous condition because of the seller's failure to discover the danger by an inspection or test of the product before selling it." Dorman v. Bridgestone/Firestone, Inc., 992 S.W.2d 231, 239 (Mo. Ct. App. 1999) (citing Restatement (Second) of Torts § 402 (1965); Welkener v. Kirkwood Drug Store Co., 734 S.W.2d 233, 241 (Mo. Ct. App. 1987); and Willey v. Fyrogas Co., 251 S.W.2d 635, 639 (Mo. 1952)). The defendants primarily rely on this principle in asserting that plaintiff cannot state a claim against Juden.

It is also well established under Missouri law, however, that a seller may be held liable in negligence for injuries caused by a defect in a product which a "a reasonably prudent seller should

have discovered . . . before selling the product to the consumer." Dorman, 992 S.W.2d at 239 (citing Welkener, 734 S.W.2d at 241); see also Zesch v. Abrasive Co. of Philadephia, 183 S.W.2d 140, 143 (Mo. 1944) (same; citing Restatement (Second) of Torts § 402 and Shroder v. Barron-Dady Motor Co., 111 S.W.2d 66, 71 (Mo. 1937)). The petition alleges, inter alia, that store manager Juden was negligent because she "knew or should have known" that contaminated spinach had been found in other states and stores and had been recalled in other states and stores, but she failed to remove contaminated spinach from the Dexter Wal-Mart shelves and failed to warn customers of possible contamination. Such knowledge creates a duty as a matter of Missouri law. See Like ex rel. Like v. Glaze, 126 S.W.3d 783, 785 (Mo. Ct. App. 2004). Defendants' argument that Juden does not have "ultimate responsibility" at the Dexter Wal-Mart raises a factual issue that this Court may not consider in ruling on the motion to remand.

For these reasons, the Court concludes that plaintiff's allegations state a colorable cause of action in negligence against Juden under the principles discussed in Dorman, 992 S.W.2d at 239, and provide a reasonable basis to predict that a Missouri court might impose liability on Juden based on the facts alleged. The Court therefore lacks subject matter jurisdiction over this action and will remand it to state court.

In opposing the motion to remand, defendants argue that federal question jurisdiction exists in this case. Defendants did not assert federal question jurisdiction in their Notice of Removal, and plaintiff's petition relies solely on state law. "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court, and the well-pleaded complaint rule provides that a federal question must be presented on the face of the properly pleaded complaint to invoke federal court jurisdiction." Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir.

2000) (citing Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987)), cert. denied, 532 U.S. 921 (2001). A federal question is raised in "those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Peters v. Union Pacific Railroad Co., 80 F.3d 257, 260 (8th Cir. 1996) (quoting Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal., 463 U.S. 1, 27-28 (1983)). Neither test is met in this case.

Defendants assert that a federal defense such as preemption may exist. If so, such a defense does not provide a basis for removal. "Congress has long since decided that federal defenses do not provide a basis for removal." Caterpillar, 482 U.S. at 399. "[A] case may not be removed to federal court on the basis of a defense, even if the defense in anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (internal quotations and alterations omitted).

**Conclusion**.

For the foregoing reasons, the Court concludes that it lacks subject matter jurisdiction over this case because complete diversity of citizenship does not exist. 28 U.S.C. §§ 1332(a), 1447(c). Plaintiff's motion to remand should therefore be granted.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff William B. Hutchen's motion to remand is **GRANTED**. [Doc. 8]

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend the petition by interlineation (Doc. 7) remains pending for determination by the state court following remand.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of Stoddard County, Missouri, from which it was removed, for lack of subject matter jurisdiction. 28 U.S.C. § 1447(c).

An appropriate order of remand will accompany this memorandum and order.

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  10th  day of April, 2008.